STATE OF NORTH CAROLINA v. TRACY DEMONT HUMPHRIES AND JAMES
EDWARD JAMISON

No. 8618SC218

(Filed 16 September 1986)

**Burglary and Unlawful Breakings § 5 — second degree burglary — intent to commit
felony — insufficiency of evidence**

Evidence was insufficient to sustain a verdict of second degree burglary
where it tended to show that one defendant tampered with a screen of an
apartment and then entered through a window; officers ordered him to come
out, which he did; the other defendant was found asleep in a car in the parking
lot; each defendant indicated that he believed the apartment to be the dwelling
of the other's girlfriend; each defendant indicated that he believed the other
defendant had permission to enter the apartment; according to the owner,
nothing in the apartment had been disturbed; and the inference of intent to
steal was thus rebutted. However, there was evidence from which the jury
could have found defendants guilty of misdemeanor breaking or entering, and
the case must therefore be remanded for sentencing on the lesser-included of-
fense.

APPEAL by defendants from *Seay, Judge.* Judgments entered
3 October 1985 in Superior Court, GUILFORD County. Heard in the
Court of Appeals 26 August 1986.

Defendants were charged in proper bills of indictment with
second degree burglary in violation of G.S. 14-51. The indictments
charged that defendants did break and enter the dwelling of Dr.
Ronald Roberts with the intent to commit larceny therein. Their
cases were consolidated for trial.

The State presented evidence which tended to show the fol-
lowing facts. On 17 August 1984, at approximately midnight, Lisa
Lumpford observed two black males standing by a window of an
apartment across the street from her apartment. She observed
them tamper with the screen and saw one man enter the apart-
ment through the window. The other man went to a parked car,
drove away, but then returned to the parking lot. As she was

observing these activities, she telephoned police and described the events.

After the police arrived, they commanded Jamison who had been inside the apartment for at least 15 minutes to step outside, and they arrested him. Ms. Lumpford testified that Jamison's reaction was to gesture in such a way as to indicate that he had a right to be in the apartment. Jamison immediately explained to the police that Humphries had invited him into the apartment which he believed to have been occupied by Humphries' girlfriend. After arresting Jamison and receiving instructions from the dispatcher who had remained in contact with Ms. Lumpford, the police found Humphries apparently asleep in a car in the parking lot. Humphries was arrested.

Defendant Humphries presented evidence that he thought Jamison had gone to Jamison's girlfriend's house to get some money and that he believed Jamison had permission to enter the apartment. Humphries also testified that Jamison promised to compensate him for driving Jamison to get the money.

At trial, Dr. Roberts testified that nothing had been disturbed inside his apartment.

Both defendants were convicted of second degree burglary. From judgments imposing 14-year terms of imprisonment, defendants appeal.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Steven F. Bryant, for the State.*

*Assistant Public Defender Charles L. White for defendant Jamison.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Charles A. Lloyd, for defendant Humphries.*

ARNOLD, Judge.

Defendants contend that there was insufficient evidence to support their convictions for second degree burglary. We agree.

In order to support a conviction for second degree burglary, there must be evidence from which a jury could find that defendants broke and entered a dwelling house at nighttime, with the in-

tent to commit a felony therein. *See State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976). The intended felony alleged in defendants' indictments was larceny. The State must have presented evidence sufficient for the jury to find that, at the time defendants entered the residence, they intended to take and carry away the personal property of another without consent and with the intent to permanently deprive the owner of that property. G.S. 14-72.

In *State v. McBryde*, 97 N.C. 393, 1 S.E. 925 (1887), the North Carolina Supreme Court stated:

> The intelligent mind will take cognizance of the fact, that people do not usually enter the dwellings of others in the night time, when the inmates are asleep, with innocent intent. The most usual intent is to steal, and when there is no explanation or evidence of a different intent, the ordinary mind will infer this also. The fact of the entry alone, in the night time, accompanied by flight when discovered, is some evidence of guilt, and in the absence of any other proof, or evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent.

*Id.* at 396-97, 1 S.E. at 927. We find that there was evidence of other intent, or explanatory facts and circumstances to preclude application of the *McBryde* inference of intent. Nothing in the evidence supports a finding that defendants entered the apartment with the intent to commit larceny.

Evidence presented by defendants and the State indicates that each defendant believed the apartment to be the dwelling of the other's girlfriend. Each defendant presented evidence that he believed the other defendant had permission to enter the apartment. Nothing in the apartment, according to the owner, had been disturbed. This is sufficient to rebut the *McBryde* inference of intent to steal. *See State v. Lamson*, 75 N.C. App. 132, 330 S.E. 2d 68, *disc. rev. denied*, 314 N.C. 545, 335 S.E. 2d 318 (1985).

We find that there was insufficient evidence to sustain a verdict of second degree burglary. However, we believe, and both defendants concede, that there was evidence from which the jury could have found defendants guilty of misdemeanor breaking or entering under G.S. 14-54(b). The felony charge must be stricken

and the case remanded for resentencing on the lesser-included of-
fense of misdemeanor breaking or entering.

Vacated and remanded.

Judges WELLS and EAGLES concur.